**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL D. ALLISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. **3:11-cv-00043-MJR-PMF** |
| | ) | |
| **CITY OF ROBINSON IL, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This case is before the Court for case management. For the following reasons, it is **RECOMMENDED** that this case be **DISMISSED** for want of prosecution.

## BACKGROUND

The plaintiff, Michael D. Allison, has continually failed to participate in scheduled teleconferences. *See* Docs. 48, 63. On July 11, 2011, Allison failed to participate in a scheduling and discovery conference. In that instance, the Court attempted to simplify Allison's participation in the teleconference by transferring the responsibility to place the conference call to a defendant in this case. *See* Doc. 46. The defendants made a good faith attempt to include Allison in the conference call (*See* Doc. 48), but Allison stated that he "simply lost track of time" (Doc. 49). On July 21, 2011, the Court issued an order to show cause why this case should not be dismissed for want of prosecution for failing to participate in the conference call. *See* Doc. 48. The Court discharged the order to show cause on July 21, 2011 as a one-time courtesy to Allison and warned him that "further delays in the prosecution of this case may result in sanctions, including possible dismissal for want of prosecution." *Id.*

1

On August 2, 2011, the Court rescheduled the scheduling and discovery conference for August 18, 2011 and plainly notified Allison that "[p]laintiff is responsible for placing the conference call between the Court and all parties. The telephone number for chambers is 618-439-7750." Doc. 58. Due to a scheduling conflict for Allison, the Court reset the scheduling and discovery conference for August 22, 2011 and plainly notified Allison again that "[p]laintiff is responsible for placing the conference call between the Court and all parties. The telephone number for chambers is 618-439-7750." Doc. 60. Despite the Court making it clear that the plaintiff was responsible for placing the August 22 conference call, Allison did not place the conference call and did not inform the Court that he was having any difficulty placing the call. *See* Doc. 63.

## DISCUSSION

An unpublished decision of the Seventh Circuit, *In Re Nora*, 417 Fed. Appx. 573 (7th Cir. 2011), recently summarized the applicable law in this Circuit with regard dismissals for want of prosecution as follows:

> A party's willful failure to prosecute an action can be an appropriate basis for dismissal. *See, e.g., Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000); *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to keep their court calendars as current as humanly possible.' " *GCIU Employer Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)). Factors relevant to a court's decision to dismiss for failure to prosecute include the seriousness of the misconduct, the potential for prejudice to the defendant, and the possible merit of the suit. *Bolt*, 227 F.3d at 856; *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 769–70 (7th Cir. 1997).
>
> *In re Nora*, 417 Fed.Appx. at 575.

As a preliminary matter, the Court is aware that Allison is proceeding pro se in this case and is reportedly seeking the services of an attorney. *See* Doc. 49. However, Allison has not attempted to claim informa pauperis status and has never indicated to the Court that he is unable to afford an attorney. Thus, it is evident that Allison's lack of legal representation in this matter is his personal choice, and the Court may not disregard his misconduct based solely on his status as a pro se litigant.[1] It is also apparent that Allison seeks to use his pro se status as an excuse to not prosecute this litigation in a timely and efficient manner. Furthermore, the skills required to place a conference call between the Court and the parties do not require any specialized legal knowledge. This makes Allison's unrepresented status irrelevant for purposes of participating the conference call.

Allison's misconduct in this case is sufficiently serious to warrant dismissal for want of prosecution. As outlined above, Allison has disregarded the plainly stated orders of this Court on more than one occasion. Additionally, Allison has been warned that failure to litigate his case could result in dismissal (*see* Doc. 52), and he has continued to disregard the orders of this Court (*see* Doc. 63). Failure to prosecute and the intentional disregard of court orders formulate the basis for involuntary dismissal under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Allison's misconduct has already caused significant prejudice to both the Court and the defendants. The Court has utilized its resources to set the scheduling and discovery conference on at least three occasions (*see* Docs. 36, 46, 58, 60) and to address Allison's failure to litigate his case. To make matters worse, Allison has also failed to communicate to the Court or any

---

[1] The Court has already given Allison considerable leeway by initially shifting the responsibility to place the conference call onto the defendants (Doc. 46) and discharging the July 11 order to show cause (Doc. 48) despite the lack of an acceptable excuse.

defendant regarding any difficulty he may have been having placing or participating in the call.[2]

Additionally, due to the fact that Allison named at least fifteen defendants in this case, the defendants have collectively incurred significant expense each time that Allison has failed to participate in the conference call. Various counsel for all of the named defendants in this case have, on at least two occasions, set aside or taken time out of their schedules to participate in the scheduling and discovery conference only to have it cancelled at the last minute due to Allison's failure to participate.[3]

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that this case be **DISMISSED** for want of prosecution.

**SO RECOMMENDED.**

**DATED: August 22, 2011.**

*/s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

---

[2] With timely notice, alternative arrangements could have been made to execute the phone conferences as scheduled.

[3] At this time, the Court cannot speculate on the possible merit of the suit. On July 7, 2011, the Court dismissed the complaint without prejudice and gave Allison until July 27, 2011 to file an amended complaint. *See* Doc. 47. The Court has since granted Allison two extensions of time, and as of the date of this Report and Recommendation, Allison still does not have an amended complaint on file.