**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MICHAEL D. ALLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-0043-MJR |
| | ) | |
| CITY OF ROBINSON, IL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On August 23, 2011, the undersigned District Judge dismissed this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with a Court order and failure to prosecute.  Counting two extensions, the Court had allowed Allison approximately six weeks – from July 7, 2011 to August 22, 2011 – to file an amended complaint. In its August 15 order, the Court warned Allison that failure to file an amended complaint by August 22 would result in his case being dismissed without prejudice.  Allison failed to file an amended complaint by the deadline, and the case was dismissed.

Now before the Court is Allison's objection to the Court's order and request for reconsideration (Doc. 66).  Therein, Allison states that he lacks the knowledge and ability to prepare an amended complaint and that he is in the process of conducting an attorney search to find qualified legal counsel.  He requests an indefinite extension of time to allow him to obtain counsel.

The Seventh Circuit has held that a motion challenging the merits of a district court order will be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the

Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, **34 F.3d 533, 535 (7th Cir. 1994).**"
[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under
Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label
affixed to it." ***Obriechtv. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original)
(*citing Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the
former approach - that, no matter what their substance, all post-judgment motions filed
within [28] days of judgment would be construed as Rule 59(e) motions - no longer applies")).**

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be
granted if a movant shows there was mistake of law or fact, or presents newly discovered
evidence that could not have been discovered previously. ***Matter of Prince*, 85 F.3d 314 (7th
Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch
v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993)**.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence,
surprise, or excusable neglect." **FED. R. CIV. P. 60(b)(1).** However, the reasons offered by a
movant for setting aside a judgment under Rule 60(b) must be something that could not have
been employed to obtain a reversal by direct appeal. ***See, e.g., Bell v. Eastman Kodak Co.*, 214
F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th
Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper
avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical
mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*,
379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the**

original petition does **"not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)")**.

Allison challenges an Order of this Court that was entered on August 23, 2011 (Doc. 65).  Plaintiff filed the instant motion less than an hour later - so, well within 28 days.  As a result, the Court must analyze the motion under Rule 59(e) or Rule 60(b) depending on the substance of the motion.  Allison does not contend that there has been a mistake of law or fact, and he presents no newly discovered evidence that could not have been discovered previously, as required by Rule 59(e), so the Court concludes that the motion must be analyzed under Rule 60(b).

In general, relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." ***Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.,*** **570 F.3d 845, 848 (7th Cir. 2009) (*"BM & F"*), *quoting Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat,* 902 F.2d 1275, 1277 (7th Cir. 1990); *see also Arrieta v. Battaglia,* 461 F.3d 861, 865 (7th Cir. 2006) ("Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances.").** Rule 60(b) allows a district court to relieve a party from an order or judgment on several narrow grounds, including mistake, inadvertence, surprise, excusable neglect, certain newly discovered evidence, fraud and "any other reason that justifies relief." A Rule 60(b) motion however *cannot* be used to correct legal errors, mistakes or blunders. ***Cash v. Illinois Division of Mental Health,*** **209 F.3d 695, 698 (7th Cir.2000) (movant's arguments "cannot be shoehorned into grounds for Rule 60(b) relief.").**  Rather, Rule 60 only lets courts "overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash,*** **209 F.3d at 698**. Finally, when deciding whether to grant relief under Rule 60(b), district

courts have "great latitude ... because that decision 'is discretion piled on discretion.'" **BM & F, 570 F.3d at 848, quoting Swaim v. Motan Co., 73 F.3d 711, 722 (7th Cir.1996) (citations omitted).**

Given Rule 60(b)'s exacting standard, it comes as no surprise that Allison's arguments for reconsideration fall short. First, Allison does not point to any "exceptional circumstance" justifying this "extraordinary remedy." **Id.** It is not enough for Allison to state that he lacks the legal ability to amend his complaint. Nothing in the record suggests that Allison faces more difficult circumstances than those faced by any other *pro se* litigant.

Second, staying this proceeding for an indefinite period of time is unwarranted. "[T]he power to grant a stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" **George v. Kraft Foods Global, Inc., 2006 WL 3842169, *1 (S.D.Ill. 2006), citing Walker v. Merck & Co., 2005 WL 1565839, at *2 (S.D.Ill. 2005), quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936)**. "In determining the appropriateness of a stay, the court considers the interests of judicial economy and the balance of hardships to the proponent and opponent of the stay.*" **Bd. of Trs. of the Teachers' Ret. Sys. of the State of Illinois v. Worldcom, Inc., 244 F.Supp.2d 900, 903 (N.D.Ill. 2002)**. "The proponent of a stay bears the burden of establishing its need." **Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nationwide Life Ins. Co., 2006 WL 2927607, *2 (N.D.Ill. 2006), citing Clinton v. Jones, 520 U.S. 681, 708 (1997)**.

Allison has shown no special need and has proffered no compelling reason that would require the Court to reopen this action and grant an open-ended, and possibly protracted, stay while he seeks counsel.  While Allison is not represented by counsel in the instant case, he does enjoy legal representation in a strikingly similar case (albeit against a different defendant) filed in this district where he is also plaintiff : *Allison vs. City of Bridgeport et al.,* Case No. 09-cv-0703-JPG (S.D.Ill.).  If he were serious about obtaining counsel he needed to look no further than his other lawsuit.  Indeed the complaint in the instant case appears, in great part, to have been lifted from that litigation.  His history of missing deadlines in this case is also evident in the *City of Bridgeport* case where Judge Gilbert, at Doc. 105 noted:  "It is undisputed that Allison has repeatedly failed to comply with the direct, explicit orders of Magistrate Judge Wilkerson." Judge Gilbert then describes in detail the missed deadlines and lack of cooperation on Allison's part.

For the foregoing reasons, the Court **DENIES** Allison's objection to the Court's order and request for reconsideration (Doc. 66).

**IT IS SO ORDERED.**

**DATED this 2nd day of September, 2011**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

5